# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Richard Kato Robinson III*
Case No. 3:22-cr-00077-TMB

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Richard Kato Robinson III's Motion for Return of Property (the "Motion").[1] Robinson seeks an Order from the Court directing the Government to "return various items of physical personal property [to him] in light of the conclusion" of his criminal case.[2] The United States of America (the "Government") opposes the Motion.[3] On April 24, 2023, Robinson filed a Motion for Leave to Reply to the Government's Opposition, which the Court granted and accepted his Reply as filed.[4]

In October 2022, Robinson pleaded guilty to Possession of Controlled Substances with Intent to Distribute.[5] On February 7, 2023, the Court sentenced him to 132 months' imprisonment followed by five years of supervised release.[6] In the Motion, Robinson requests the Government return four cellular telephones (the "phones") seized by law enforcement during the execution of a search warrant of his former Anchorage residence.[7] Robinson states that the phones are his "valuable personal property" and were not subject to forfeiture.[8] Because the Government "cannot articulate a further, lawful purpose for retaining [his] property," Robinson concludes that the Government must promptly return these items.[9]

In its Opposition, the Government contends that that Court should deny the Motion because it has a continuing interest in retaining the phones.[10] First, the Government argues that it has "a continuing evidentiary need" to retain the phones due to a separate, "ongoing investigation."[11] Second, the Government alleges that it has a continued interest in "the property during the one-

---

[1] Dkt. 50 (Sealed Motion).
[2] *Id.* at 1.
[3] Dkt. 51 (Response in Opposition).
[4] Dkt. 53 (Motion for Leave to File Reply); Dkt. 53-1 (Reply); Dkt. 53-1 (Reply); Dkt. 54 (Text Order).
[5] Dkt. 25 (Plea Agreement); *see* 21 U.S.C. § 841(a)(1), (b)(1)(A).
[6] Dkt. 46 (Minute Entry); Dkt. 48 (Judgment).
[7] Dkt. 50 at 1–2; Dkt. 50-1 at 3 (Receipt for Property Seized).
[8] Dkt. 50 at 2.
[9] *Id.*
[10] Dkt. 51 at 1.
[11] *Id.*

1

year period that [Robinson] can file a petition pursuant to 28 U.S.C. § 2255."[12] Due to this "continuing evidentiary need," the Government alleges that Robinson "bears the burden to show that the property was obtained illegally and that [he] is entitled to receive the property."[13] Because Robinson has not done so, the Government concludes that the Motion "must be denied."[14]

In his Reply, Robinson outlines three reasons why the Government's position "is both factually inaccurate and without legal merit."[15] First, Robinson contends that the Government mischaracterizes which party bears the burden of proof by incorrectly claiming that Robinson must prove that he has a right to the return of his property.[16] Instead, Robinson argues that under *United States v. Martinson*,[17] once a defendant has pleaded guilty, the seized "property in question is no longer needed for evidentiary purposes" and the "person from whom the property is seized is presumed to have a right to its return."[18] As such, Robinson contends that the Government bears the "the burden of demonstrating that it has a legitimate reason to retain the property."[19]

Second, Robinson argues that, even after the conclusion of his criminal case, the Government continues to make an impermissible and "indefinite effort" to crack his cell phone password in an attempt to seek evidence contained on the phones.[20] Robinson highlights that the Government offers "no reason why [it] can continue to seize and search his property after the case is over," nor does the Government provide authority to support its "indefinite seizure" of his property.[21]

Third, Robinson states that, pursuant to the terms of his plea agreement, he "waived his right to collateral attack" and, in any event, "has no grounds to file a § 2255 petition."[22] In sum, Robinson argues that the Government has failed to demonstrate that the phones are either "contraband or subject to forfeiture"; Robinson therefore concludes that the Government has "no rightful claim to the property."[23]

"A district court has jurisdiction to entertain motions to return property seized by the [G]overnment when there are no criminal proceedings pending against the movant. Such motions are treated as civil equitable proceedings even if styled as being pursuant to [Federal Rule of Criminal

---

[12] *Id.* at 1.
[13] *Id.* at 3 (citing Federal Rule of Criminal Procedure 41(g); *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)).
[14] Dkt. 51 at 3.
[15] Dkt. 53-1 at 1–2.
[16] *Id.* (quoting *Martinson*, 809 F.2d at 1369).
[17] 809 F.2d 1364 (9th Cir. 1987)).
[18] Dkt. 53-1 at 2 (quoting *Martinson*, 809 F.2d at 1369).
[19] *Id.* (quoting *Martinson*, 809 F.2d at 1369).
[20] *Id.*
[21] *Id.* at 2–3.
[22] *Id.* at 3.
[23] *Id.* at 2–3 (quoting *Martinson*, 809 F.2d at 1369).

Procedure] 41(e)."[24] In ruling on this type of motion, the Court "must take into account all equitable considerations."[25] When the property sought by a defendant

> is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the Government has abandoned its investigation, ***the burden of proof changes***. The person from whom the property is seized is presumed to have a right to its return, and ***the [G]overnment has the burden of demonstrating that it has a legitimate reason to retain the property***.[26]

In that instance, "even if the [initial] seizure was lawful," the Government "must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture."[27]

Turning to the merits of this case, the Court finds that the Government has not met its burden to demonstrate a legitimate reason to retain the phones. First, the Government argues that a parallel, ongoing criminal investigation justifies its retention of the four phones in question. However, the Government offers little in the way of context that plausibly connects this investigation to Robinson; the Government fails to demonstrate that it has procured a new search warrant in that separate investigation that might justify any continued possession of Robinson's personal property.[28] Further, the legal standard in *Martinson* is clear: a defendant's property "is no longer needed for evidentiary purposes" when the defendant has pleaded guilty.[29] Hence, with the conclusion of Robinson's criminal case—marked by his plea of guilty and subsequent imposition of sentence—the Government's evidentiary need for the phones in this case has dissipated.

Second, the Court finds that the Government lacks any "continuing interest" in retaining the phones during the one-year period in which a defendant may file a petition under 28 U.S.C § 2255. The Government offers no authority to support the notion that a hypothetical § 2255 petition may justify the Government's retention of property for evidentiary purposes. Furthermore, there is no indication that Robinson may even collaterally attack his judgment: Robinson waived this right in his plea agreement and concedes as much in his Reply.[30]

Accordingly, because the Government has not demonstrated a "continuing evidentiary" need to retain Robinson's property by failing to establish that the phones are either "contraband or subject

---

[24] *Martinson*, 809 F.2d at 1367 (citations omitted).
[25] *Id.*
[26] *Id.* at 1369 (citations omitted) (emphasis added).
[27] *Id.* (citations omitted); *see also United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) ("The government may meet this burden by demonstrating 'a cognizable claim of ownership or right to possession adverse to that of [the defendant].'" (quoting *United States v. Palmer*, 565 F.2d 1063, 1064 (9th Cir. 1977))).
[28] *See* Fed. R. Crim. P. 41(d).
[29] *Martinson*, 809 F.2d at 1367.
[30] Dkt. 53-1 at 3; Dkt. 51 at 1; Dkt. 25.

to forfeiture,"[31] the Court **GRANTS** the Motion at Docket 56. FURTHER, it is hereby **ORDERED** that the Government shall promptly return the following items to Robinson **on or before May 18, 2023**:

1. Apple iPhone;
2. Google Pixel Cellular Phone;
3. Samsung Galaxy Cellular Phone Model Sm-N970, IME 3592711-1601296;
4. Green Apple iPhone (AT&T) EA211002, IME 3500252010873.[32]

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 4, 2022.

---

[31] *Martinson*, 809 F.2d at 1369.
[32] *See* Dkt. 50-1 at 3; Dkt. 50 at 2.

4